

ORDERED in the Southern District of Florida on November 30, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In re:                                                              CASE NO. 12-10902-BKC-AJC

JOSE ANGEL PEREZ,                                    CHAPTER 7

        Debtor.                                          /

### ORDER SUSTAINING THE TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS [D.E. 83]

THIS CAUSE came before the Court on November 14, 2012 at 11:00 A.M. to consider the Trustee's *Objection to Claimed Exemptions* [D.E. 83] (the "*Objection*"). The Court has considered the Objection, as well as post-hearing submissions in the form of proposed orders from the parties. Having also heard the proffers and representations of the parties at the hearing, the Court determines that good cause exists to **SUSTAIN** the Trustee's Objection to the Debtor's Claimed Exemptions as provided herein.

The pertinent facts are not in dispute. The Debtor filed a voluntary petition under Chapter 7 on January 12, 2012 (the "***Petition Date***") and Robert A. Angueira is the duly appointed Chapter 7 Trustee (the "***Trustee***"). At the time of filing, the Debtor resided in the real property located at 1040 SW 76th Court, Miami, Florida 33144 (the "***Homestead***"). The Homestead is owned jointly by the Debtor and the Debtor's non-filing spouse, as evidenced by the Deed for the Homestead Property dated October 1, 2004 (attached to the Trustee's Objection as **Exhibit A**). The parties do not dispute that they hold the subject property as tenants by the entireties ("***TBE***"). All six characteristics are present as evidenced by, *inter alia*, the Warranty Deed dated October 1, 2004 wherein title to the Property was granted by Grantor Richard Louis Delgado to Grantees Jose A. Perez and Rosa B. Garcia, husband and wife, and "grantee's heirs and assigns forever." "). Beal Bank, SSB v. Almand and Assocs., 780 So.2d 45 (Fla. 2001)

"Entireties property belongs to neither spouse individually, but each spouse holds 'the whole or the entirety, and not a share, moiety, or divisible part'" In re Alvarez, Case No. 11-44246-BKC-AJC (Bankr. S.D.Fla. Apr. 24, 2012) (citing In re Pierre, 2012 WL 928192 (Bankr. M.D.Fla. Mar. 16, 2012)). In Alvarez, this Court explained that "[t]he Florida Supreme Court has held that TBE property is 'an estate over which the husband and wife have absolute disposition and as to which each, in the fiction of the law, holds the entire estate as one person.'" Id. (citations omitted).

In the instant matter, the Trustee argues that because the Debtor owns the Homestead jointly with the Debtor's non-filing wife, as TBE property, and because the Debtor's non-filing wife receives the applicable state-law benefits of Florida's Homestead Exemption pursuant to Art. X §4(a)(1) of the Florida Constitution (the "***Constitutional Homestead Exemption***"),[1] the

---

[1] In fact, the Debtor's non-filing spouse even claimed the Constitutional Homestead Exemption in Schedule C in her individual bankruptcy case, Case No. 11-27458-BKC-AJC.

2

Debtor indirectly receives the benefit of the Constitutional Homestead Exemption such that he is ineligible to also claim personal property as exempt pursuant to Fla. Stat. §222.25(4) (the "***Wildcard Exemption***"). The Court is persuaded by the Trustee's argument.

The Florida Supreme Court addressed this issue in <u>Osborne v. Dumoulin</u>, holding that the unique nature of TBE ownership of property prevents the Trustee from administering TBE property in an individual spouse's bankruptcy case. 55 So.3d 577, 589 (Fla., 2011). The Florida Supreme Court reasoned that property held as TBE meant that the Debtor is receiving the benefits of the Constitutional Homestead Exemption by shielding the TBE assets from the reach of his creditors – even if the Debtor does not specifically claim the Constitutional Homestead Exemption. <u>Id</u>. By otherwise receiving the benefit of the Constitutional Homestead Exemption in this manner, the Debtor is ineligible to claim the statutory personal property exemption under Fla. Stat. §222.25(4). <u>Id</u>. This reasoning is consistent with other opinions issued in this District. For example, in a similar context, Judge Kimball succinctly held that:

> When a debtor holds homestead property as a tenant by the entirety with the debtor's non-filing spouse, and the non-filing spouse is eligible to claim the homestead exemption under Florida law, the debtor indirectly obtains the benefit of Florida's constitutional homestead protection.

<u>In re Watford</u>, 427 B.R. 552, 559 (Bankr. S.D.Fla. 2010).

The Court is persuaded that the Debtor indirectly "receives the benefit" of the Constitutional Homestead Exemption because the Debtor's homestead is owned jointly with his non-filing spouse, as TBE property, and the Debtor and his wife receive all state law benefits of the Constitutional Homestead Exemption by virtue of the property being held as TBE. For the reasons stated herein, the Court concludes that under the facts and circumstances of this case, the

Debtor is ineligible to claim personal property as exempt pursuant to Fla. Stat. §222.25(4), the Wildcard Exemption.

Notwithstanding the fact that the Debtor is not able to claim the Wildcard Exemption, the Court nonetheless feels compelled to comment on the unfairness of the exemption. The Court believes that the Wildcard Exemption is a picayune exemption when compared to the multimillion dollar exemption of real estate afforded to others. Would it hurt the state legislature to increase the Wildcard Exemption to provide more for those individuals who are not fortunate enough to own substantial equity in real estate?

Based upon the foregoing authority, it is

ORDERED AND ADJUDGED that:

1. The Chapter 7 Trustee's Objection to Claimed Exemptions on Personal Property [DE 83] is **SUSTAINED**.

2. The Debtor's claim of exemptions pursuant to Fla. Stat. §222.25(4) is **STRICKEN AND DISALLOWED**.

3. The Debtor's personal property claimed exemptions are limited to $1,000.00 pursuant to Fla. Const. Art. X §4(a)(2), and $1,000.00 for a motor vehicle pursuant to Fla. Stat. §222.25(1).

###

Submitted by
ROBERT A. ANGUEIRA, P.A.
6495 SW 24 Street
Miami, FL 33155
Tel. 305-263-3328
Fax 305-263-6335
e-mail    rachel@rabankruptcy.com

*(Attorney Rachel Ahlum is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*